| | | |
|---|---|---|
| PANDA ENERGY INTERNATIONAL, INC., | § § | |
| Appellant, | § § | |
| | § | Civil Action No. |
| v. | § § | 3:11-CV-003-K |
| FACTORY MUTUAL INSURANCE, MARSH USA, INC., and JOHN SAMUELS, | § § § § § | (Bankruptcy Appeal) |
| Appellees. | § | |

-------------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| In re | § § § | Chapter 7 |
| HEREFORD BIOFUELS, L.P., *et al.*, | § § | Case No. 09-30453 (SGJ) |
| Debtors. | § § | (Jointly Administered) |
| | § § | |
| FACTORY MUTUAL INSURANCE COMPANY, | § § § | Adversary No. 10-03341 |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. |
| PANDA ENERGY INTERNATIONAL, INC., | § § § | 3:10-CV-2541-K |
| Defendant. | § § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Appellant Panda Energy International, Inc.'s ("Panda Energy")

Motion for Leave to Appeal (Doc. No. 2 in 3:11-CV-003-K) and Motion to Withdraw the Reference (Doc. No. 2 in 3:10-CV-2541-K). Panda Energy contends that: (1) the bankruptcy court wrongfully struck its request for a jury trial in an adversary proceeding connected to the bankruptcy case and (2) this Court should withdraw the reference to bankruptcy court because Factory Mutual Insurance Company's ("Factory Mutual") adversary proceeding complaint is barred by res judicata and is an impermissible collateral attack on this Court's remand order issued November 16, 2010. Because this Court finds that this issue does not meet the standard for an interlocutory appeal and that withdrawal of the reference to bankruptcy court is not warranted, both motions are **DENIED**. The Clerk is hereby **ORDERED** to file this Memorandum Opinion and Order in both 3:10-CV-2541-K and 3:11-CV-003-K and to close both cases.

## I. Background

It appears the basis for the disagreement between these parties stems from two events: (1) the circumstances surrounding the signing of an insurance policy for the construction of an ethanol fuel plant in Hereford, Texas and (2) an asset sale conducted by the Northern District of Texas bankruptcy court in which all potential claims related to that insurance policy were sold. To date, multiple proceedings have been unable to resolve this dispute: (1) two Texas state court lawsuits were filed, both removed to federal court, and both remanded to state court; (2) two declaratory judgment adversary proceedings in a federal bankruptcy case; (3) a separate federal court lawsuit to halt one

of the bankruptcy proceedings; and (4) an interlocutory appeal to the federal district court on an order during the same bankruptcy proceeding.

Panda Energy is an energy company based in Dallas, Texas. It was approached, and eventually contracted with, a German company to build the ethanol plant described above in 2005. Hereford Biofuels, L.P. ("Hereford Biofuels") was an entity formed to take on investments in the project from Panda Energy and other companies and assume the risk of building the plant. Hereford Biofuels, the project-specific entity, was the sole named insured on a builder's risk insurance policy for the project issued by Factory Mutual in 2006. During the construction of the ethanol plant in 2008, work was delayed by damage incurred to the plant's foundation during testing and due to an outbreak of Q-fever among the construction workers, an infection spread by contact with livestock. Hereford Biofuels made claims on its builder's risk policy with Factory Mutual for both incidents. Factory Mutual determined that the insurance policy did not encompass Hereford Biofuels' claims and denied coverage.

In addition to the denial of insurance coverage, Panda Energy claims it was defrauded by the German corporation that set up the ethanol plant deal and the German corporation's U.S. representative. Hereford Biofuels, Panda Energy, and two other companies filed suit against Factory Mutual and other defendants in Texas state court in Deaf Smith County on October 22, 2008 ("the Amarillo litigation"). The plaintiffs in that lawsuit asserted claims against Factory Mutual for, among other things, breach

of contract and violations of the Texas Insurance Code. The plaintiffs also asserted claims against several other defendants, including the German corporation that had originally approached Panda Energy about the ethanol plant project. Hereford Biofuels was unable to stay afloat, and filed for bankruptcy protection in the Northern District of Texas on January 23, 2009. The automatic stay from Chapter 3 of the Bankruptcy Code halted the Amarillo litigation, which had since been removed to federal court.

A sale of Hereford Biofuels' assets was quickly organized by the bankruptcy court, which issued an order on March 12, 2009 establishing procedures and scheduling an auction. On April 22, 2009, Hereford Biofuels' assets were sold at auction, including Hereford Biofuels' rights in the Amarillo litigation. Factory Mutual and the other defendants in the Amarillo litigation, the only bidders at the asset sale for the litigation rights, purchased Hereford Biofuels' rights for $1.5 million. Panda Energy was represented at the auction but did not submit a bid. This sale was confirmed by the bankruptcy court two days later on April 24, 2009.

Following the sale on April 27, 2009, Panda Energy represented to Factory Mutual that Panda Energy did not consider the asset sale the end of the Amarillo litigation. On May 8, 2009, Factory Mutual filed a declaratory judgment action in the bankruptcy court as an adversary proceeding, asking the court to declare that the purchase of rights in the Amarillo litigation was lawful and that the sale conveyed all rights in the Amarillo litigation. In an order issued August 6, 2009, the bankruptcy

court found, among other things, that (1) the purchase of the rights in the Amarillo litigation was lawful and (2) that all claims against Factory Mutual in the Amarillo litigation were property of Hereford Biofuels' bankruptcy estate and were acquired by Factory Mutual and the other defendants during the auction.  Panda Energy amended its complaint in the Amarillo litigation the same day, dismissing all claims against Factory Mutual.  Panda Energy continued to pursue the Amarillo litigation against the German company for fraud, and the case was remanded to state court.

Panda Energy filed another lawsuit against Factory Mutual and other defendants in Texas state court, Dallas County, on April 20, 2010 ("Dallas County litigation").  Panda Energy again asserted claims for breach of contract and violations of the Texas Insurance Code arising out of the builder's risk insurance policy issued in connection with the ethanol plant project in Hereford, Texas.  Factory Mutual removed to this Court on August 18, 2010 based on diversity.  This Court remanded the Dallas County litigation on November 16, 2010 for lack of diversity, rejecting Factory Mutual's argument that a non-diverse defendant was improperly joined to defeat diversity jurisdiction.

Prior to this Court's remand order, Factory Mutual filed a second declaratory judgment claim as an adversary proceeding in the Hereford Biofuels bankruptcy case. In the adversary proceeding, Factory Mutual sought a declaration that the Dallas County litigation arose out of the same transaction as the claims asserted in the Amarillo

litigation and that Panda Energy's claims were barred by estoppel, waiver, and res judicata from the first declaratory judgment action in 2009. Since November 16, 2010, when this Court remanded the Dallas County litigation, the bankruptcy court has struck Panda Energy's jury demand and severed Panda Energy's counterclaims in the declaratory judgment adversary proceeding.

The current position of the parties' appears to be as follows: Panda Energy believes that it has claims against Factory Mutual that exist separate and apart from the claims previously possessed by the debtor Hereford Biofuels and purchased at auction by Factory Mutual in April 2009. Panda Energy also believes it is not foreclosed from pursuing those claims by any order of the bankruptcy court or by actions taken by Panda Energy in the bankruptcy court. Factory Mutual believes that Panda Energy never had any claims against Factory Mutual arising out of the insurance policy on the ethanol plant project because it was not a named insured on the policy and, even if it did, Panda Energy waived and/or released those claims in the first declaratory judgment action decided by the bankruptcy court in August 2009.

Panda Energy argues in its motion for leave to file an interlocutory appeal that the bankruptcy court's denial of Panda Energy's jury demand is erroneous and qualifies for interlocutory appeal because it involves a controlling question of law, there is substantial ground for difference of opinion, and an immediate appeal would advance the litigation. Panda Energy also requests that this Court withdraw the automatic reference to

bankruptcy for adversary proceeding 10-03341-sgj, Factory Mutual's second declaratory judgment action, because Panda Energy argues this Court's remand order has essentially deprived the bankruptcy court of the power to act.

## II.     Legal Standards

### A.     Interlocutory Appeal

Interlocutory appeals in a bankruptcy case are authorized under 28 U.S.C. § 158(a)(3).  The Fifth Circuit has applied the review process in 28 U.S.C. § 1292(b), interlocutory appeal from the district court to the circuit appeals court, when deciding issues related to interlocutory appeal from the bankruptcy court to the district court. *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991).  The decision to grant such an appeal is firmly within the district court's discretion.  *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) (citing *Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 405 n. 9 (Ginsburg, J., dissenting)).

### B.     Motion to Withdraw the Reference

The district court may withdraw, in whole or in part, on its own motion or on motion of any party, any case or proceeding referred to the bankruptcy court for cause shown.  28 U.S.C. § 157(d) (2010).  The decision to withdraw a matter from bankruptcy court is committed to the discretion of the district court.  *Veldekens v. GE HFS Holdings, Inc.*, 362 B.R. 762, 765 (S.D. Tex. 2007) (citing Fed. R. Bankr. P. 5011(a)).

III. Analysis

Initially, it is important to recognize the purpose of this opinion. This Court will not consider the merits of the parties' dispute nor comment on them. This opinion will be restricted to a determination of whether or not Panda Energy has met its burden to show that an interlocutory appeal or a withdrawal of the reference to bankruptcy is appropriate.

A. **Interlocutory Appeal**

Interlocutory appeals are permitted when they involve: (1) a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *United States v. Jefferson*, 623 F.3d 227, 231 n. 6 (5th Cir. 2010). Every ground in § 1292(b) must be met in order for the interlocutory appeal to be considered; these are not factors to be weighed and balanced. *See Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). It is undisputed that the right to a jury trial is a controlling issue of law. Where the parties diverge are the second and third requirements.

1. **Substantial grounds for difference of opinion**

Substantial grounds for difference of opinion have been found where all other courts of appeals have reached results contrary to the decision of the lower court, *Longo v. Carlisle DeCoppet & Co.*, 537 F.2d 685 (2d Cir. 1976), or the circuits are in dispute

and the circuit in which the lower court sits has not decided the issue, *Limuel v. Donrey Corp.*, 795 F. Supp. 902, 903–04 (E.D. Ark. 1992). Substantial grounds for difference of opinion do not exist merely because counsel disagree on the applicability of precedent, *Flowserve Corp.*, 444 F. Supp. 2d at 724 (citing 4 Am. Jur. 2d *Appellate Review* § 128 (2005)), or because a party simply claims the bankruptcy court ruled incorrectly, *see id.* (citing *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001)).

Here, the bankruptcy court struck Panda Energy's jury demand and has set the second declaratory judgment action for a bench trial. Resp. to Mot. to Withdraw Reference, Exh. 16 at 21–29 (hearing transcript). The bankruptcy court found that interpretation of its own order approving the sale of Hereford Biofuels' litigation rights was equitable in nature and did not require a jury. *Id*. Panda Energy primarily relies upon *Beacon Theatres v. Westover*, 259 U.S. 500 (1959), which discusses jury rights when a declaratory judgment action is filed in anticipation of a lawsuit. Factory Mutual has cited this Court to *In re Corrugated Container Antitrust Litigation*, 752 F.2d 137 (5th Cir. 1985), where the Fifth Circuit held a defendant in a proceeding to enforce a judgment was not entitled to a jury when the motion asked the court to interpret and enforce a judicial decree within the same case. The situation at bar is not one where substantial grounds for difference of opinion have been found. What that means in this case is that there is no precedent binding upon these specific facts and no consensus among other

circuits on how to resolve this issue. The cases presented by both parties involve similar issues, but not identical facts. Interlocutory appeal is not intended as a vehicle through which parties may assert that a court has applied authority incorrectly. *Flowserve Corp.*, 444 F. Supp. 2d at 724. Panda Energy has not shown there is a substantial ground for difference of opinion on the bankruptcy court's order.

## 2. Materially advance the termination of the litigation

An appeal materially advances the termination of litigation when it accelerates or simplifies trial proceedings. *See* 16 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3930 at 439 (2d ed. 1996). Panda Energy argues that this appeal would materially advance the litigation because if it is later determined Panda Energy was entitled to a jury in this case, the process will have to start all over. Factory Mutual argues that the bankruptcy court is already intimately familiar with the subject matter of this lawsuit and the bankruptcy court is well-suited to interpret its own orders.

The Court acknowledges the merit of Panda Energy's argument. However, denial of the interlocutory appeal would leave this case in front of the bankruptcy court, which has been involved with this dispute for almost two years. The bankruptcy court issued the disputed sale order *and* the disputed declaratory judgment order in August 2009. The bankruptcy court is much better suited to resolve these issues, and is ready to do so almost immediately. Panda Energy still retains the ability to appeal the bankruptcy court's decision when a final order is entered in the case, and at that point the district

court will be presented with a well-developed record. Panda Energy has not shown that an interlocutory appeal would materially advance the termination of litigation.

Because Panda Energy has not shown a substantial ground for difference of opinion exists and that an interlocutory appeal would materially advance the termination of the litigation, this Court denies the motion for leave to file an interlocutory appeal.

B.   Motion to Withdraw the Reference

Panda Energy challenges the bankruptcy court's jurisdiction to even decide Factory Mutual's second declaratory judgment adversary proceeding, the subject of the motion to withdraw the reference, in addition to arguing that it has met its burden for this Court to exercise its discretion to withdraw the reference. The Court will consider each argument in turn.

1.   Subject-matter Jurisdiction of the Bankruptcy Court

Panda Energy begins its motion to withdraw the reference by questioning the bankruptcy court's subject-matter jurisdiction over this matter. It argues that there is no jurisdiction under 28 U.S.C. § 1334(b) because this suit will have no impact on any debtor's estate and, even if there is jurisdiction, the bankruptcy court must defer to a parallel state court proceeding under 28 U.S.C. § 1334(c).

Congress has granted the district courts original jurisdiction over matters arising under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, but allows the district courts to

refer certain matters "arising under" the Code or "related to" a case under the Code to the bankruptcy courts. 28 U.S.C. § 1334(b) (2010); 28 U.S.C. § 157(a) (2010). Whether a proceeding is "core" or "non-core" is essential to the bankruptcy court's jurisdiction under 28 U.S.C. § 157(b). This statute gives the bankruptcy court power to enter final orders and judgments if a matter is deemed a "core" proceeding, one "arising under" the Bankruptcy Code. 28 U.S.C. § 157(b) (2010). A "core" proceeding is one involving substantive rights provided by the Bankruptcy Code or one that could arise only in the context of a bankruptcy case. *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987). A bankruptcy court may retain a "non-core" proceeding, one merely "related to" a case brought under the Code, but it may only make findings and recommendations to the district court for final adjudication. 28 U.S.C. § 157(c)(1) (2010). A "non-core" matter is one that could "*conceivably* have any effect on the estate being administered in bankruptcy. *Matter of Wood*, 825 F.2d at 93 (emphasis in original).

This matter involves the interpretation of an Asset Purchase Agreement following an auction authorized by the bankruptcy court during reorganization and a subsequent declaratory judgment action on the same issue. Certainly, that is a matter "arising under" the Bankruptcy Code. The only place one would find an asset auction to satisfy creditors during a reorganization is in bankruptcy. *Id.* at 98 (stating matters peculiar to bankruptcy are "core," such as dischargeability and allowance of claims). Even if this is not a "core" proceeding, it cannot be credibly argued that this proceeding has no

conceivable connection to the bankruptcy estate of Hereford Biofuels, an entity in which Panda Energy was an investor. *Id*. at 93. Panda Energy does not present any evidence, in either its motion, reply, or adversary proceeding motion to dismiss, why the bankruptcy court must defer to the parallel state court proceeding, presumably the Dallas County litigation. Therefore, this Court will not consider deferral under 28 U.S.C. § 1334(c) as a basis to deprive the bankruptcy court of subject-matter jurisdiction.

This Court finds that the bankruptcy court has jurisdiction to consider this matter under 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a).

   2.  ***Res Judiciata* and Collateral Estoppel Effects of this Court's November 2010 Remand Order**

Panda Energy also argues that this Court's remand order effectively decided the issue of subject matter jurisdiction for this second declaratory judgment action because the power of the bankruptcy court to hear a case is directly derived from the district court. Panda Energy asserts that this adversary proceeding is an impermissible collateral attack on this Court's remand order.

In support, Panda Energy cites *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166 (5th Cir. 1986). In *Majoue*, an employment case was remanded from federal district court and a subsequent declaratory judgment action was filed. *Id*. at 167–68. The Fifth Circuit held that the declaratory judgment action was in contravention of 28 U.S.C. § 1447(d): a remand order "is not reviewable on appeal or *otherwise*." *Id*. at 168 (emphasis

in original). In *Majoue*, the plaintiff sought a declaration that the defendant's claims arose under federal law for purposes of 28 U.S.C. § 1331, advancing the same arguments for jurisdiction that it did when the case was removed in the first proceeding.

Here, we have a different situation. In fact, we have almost the exact situation that the *Majoue* panel found distinguishable from their case. *Majoue*, 802 F.2d at 168 n. 4 (citing *Rath Packing Co. v. Becker*, 530 F.2d 1295 (9th Cir. 1976)). In *Rath*, a lawsuit was filed by a California county against a meat packing company for violations of California meat labeling regulations. *Id*. at 1300–01. The case was filed in California state court and then removed to federal court on the basis of diversity. *Id*. at 1301. The lawsuit was remanded after the federal district court found no diversity existed. The removing defendant in *Rath* then became a declaratory judgment plaintiff in the same federal district court and requested a declaration on federal preemption arising out of the same incident that formed the basis for the first lawsuit. The Ninth Circuit expressly found that the declaratory judgment plaintiff's actions were not an end-run around 28 U.S.C. § 1447(d) because the jurisdictional hook in the second lawsuit was not present and not ruled upon in the first lawsuit. *Id*. at 1303–04.

The subject matter jurisdiction arguments in the case this Court remanded in November 2010 were based upon diversity jurisdiction under 28 U.S.C. § 1332. The argument for jurisdiction in this case, Factory Mutual's second declaratory judgment action as an adversary proceeding attached to the Hereford Biofuels' bankruptcy case,

is based upon 28 U.S.C. § 1334, matters arising under or related to the Bankruptcy Code. Just like *Rath*, there is a valid basis for subject matter jurisdiction in the second case that was not before this Court in the first case that was remanded. Therefore, this Court finds that the November 2010 remand order has no res judicata or collateral estoppel effects for subject matter jurisdiction in this case.

### 3. Consideration of Withdrawing the Reference

The Fifth Circuit has outlined several factors to consider when weighing a motion to withdraw the reference: (1) whether core or non-core proceedings are involved; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) the goal of reducing forum shopping; (5) conserving the parties' resources; (6) expediting the bankruptcy process; and (7) the presence of a jury demand. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir. 1985).

If a proceeding is "core," this weighs in favor of leaving it in the bankruptcy court. *Cf. In re Luongo*, 259 F.3d 323, 331 (5th Cir. 2001) (bankruptcy courts have expertise in bankruptcy matters). This Court finds that Factory Mutual's second declaratory judgment action is a "core" proceeding, which favors a denial of Panda Energy's motion to withdraw the reference.

Factors two, three four, and six all weigh in favor of denying Panda Energy's motion to withdraw the reference. Refusing relief will: (1) improve judicial economy by leaving the case with a court familiar with the issues; (2) promote uniformity in

bankruptcy administration by allowing a court with bankruptcy expertise to decide the case; (3) reduce forum shopping by maintaining the forum and judge where this dispute started almost two years ago; and (4) allow the bankruptcy court to keep the parties on its previously established schedule, where a bench trial is less than a month away.

It is not clear from either parties' arguments whether or not resources will be conserved by withdrawing the reference to bankruptcy. From the litigation history of this dispute, it seems little expense has been spared to date. Keeping this case on a road towards resolution seems the most responsible decision. As for Panda Energy's jury demand, the bankruptcy court has decided no right to jury trial exists for these claims when presented with the same arguments Panda Energy advances today.

Because the *Holland* factors all weigh in favor of keeping this case in the bankruptcy court, this Court will do so.

IV. **Conclusion**

In sum, this Court finds that Panda Energy has not met its burden to show that either interlocutory appeal or withdrawal of the automatic reference to bankruptcy is appropriate in this case. Accordingly, both of Panda Energy's motions are **DENIED**.

    **SO ORDERED.**

Signed February 14th, 2011.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE